## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE N DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | |
| MARTHA A. TIRINNANZI | § | Case No.  09-00833 |
| | § | |
| | § | Chapter 7 |
| Debtor(s). | § | |

### *EX PARTE* MOTION OF CAPITAL ONE, N.A. TO REDACT CONSUMER INFORMATION PURSUANT TO 11 U.S.C. § 107 AND BANKRUPTCY RULE 9037

Capital One, N.A. ("*Capital One*"), files this Ex Parte *Motion of Capital One, N.A. to Redact Consumer Information Pursuant to 11 U.S.C. § 107 and Bankruptcy Rule 9037* seeking an order from the Court restricting public access to the **Motion for Relief from Automatic Stay [Doc. 20]**(the "*Unredacted Documents*"), filed in the above-referenced bankruptcy case (the "*Case*"). In support of this Motion, Capital One would respectfully show the Court as follows:

### Jurisdiction

1.      This Court has jurisdiction over the relief requested in this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding.  The relief sough herein may be granted pursuant 11 U.S.C. § 107 and Federal Rule of Bankruptcy Procedure 9037.

### Factual Background

2.      Prior to the initiation of the Case, the above-captioned debtor (the "*Debtor*") obtained a closed-end term loan secured by real property ("*Loan*").  Following the initiation of the Case, the Unredacted Documents were electronically filed with the Court.

3.      The Unredacted Documents, however, disclosed certain personally identifiable information that should have been redacted pursuant to Bankruptcy Rule 9037.

David N. Prensky, Esquire
5225 Wisconsin Avenue, NW  #500
Washington, DC  20015
202-244-4000
*Attorney for Capital One, N.A.*

## Relief Requested & Legal Analysis

4.        Capital One, as successor in interest to Chevy Chase Bank, FSB seeks to rectify this situation by having the Unredacted Documents sealed from public access.

5.        Pursuant to Fed. R. Bankr. P. 9037(a), unless the Court directs otherwise, a party making an electronic filing may include personally identifiable information ("*PII*") only in redacted form as follows: the last four digits of a consumer's financial-account number or social security number, the year of an individual's date of birth, and the initials of any minor.  Capital One's failure to redact the PII from the Unredacted Documents in accordance with Fed. R. Bankr. P. 9037(a) was a mistake that Capital One, having learned of its occurrence, seeks to remedy. Further, Fed. R. Bankr. P. 9037(d) states that for "cause," this Court may "limit or prohibit a nonparty's remote electronic access to a document filed with the court."  Capital One believes that cause exists for the Court to limit remote electronic access to the Unredacted Documents because such relief is necessary to ensure compliance with Fed. R. Bankr. P. 9037(a).

6.        Further, § 107(c) of the Bankruptcy Code permits the Court, "for cause," to protect an individual with respect to any paper or pleading filed in a bankruptcy case "to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property."  11 U.S.C. § 107(c).  Capital One submits that Fed. R. Bankr. P. 9037(a) creates a presumption that "cause" exists under § 107(c) for issuing an order protecting an individual from the disclosure of information restricted by Fed. R. Bankr. P. 9037(a).

7.        Capital One requests that public access on the Court's electronic filing system to the Unredacted Documents be restricted by the Court to all parties, except the debtor, debtor's

- 2 -

legal counsel, the trustee, the trustee's legal counsel and the United States Trustee.

8.      Capital One does not intend for this requested relief to have any substantive effect upon the Debtor, the Debtor's estate, Capital One or its claim(s), other assignees, or any other creditors or parties-in-interest.  The motion and the entry of a protective order to prevent public access will not impact the substantive rights of the Debtor, any creditor, or any other party in interest.

9.      This Motion will be served by U.S. Mail, postage prepaid only on the Debtor, Counsel for the Debtor, the Case Trustee and the Office of the United States Trustee.  All registered CM/ECF users will receive electronic notice of the Motion, as filed.  Capital One respectfully submits that such notice is sufficient and appropriate given the circumstances cited herein.

10.     Capital One will offer the Debtor and any other individual whose PII was included in the Unredacted Document (the "***Notice Party***") credit monitoring without cost for a period of twelve (12) months.  This credit monitoring will be offered in writing in a separate letter to be mailed to each Notice Party.  Each Notice Party will have one hundred and twenty days (120) days from the date of the notice to accept the offer set forth in the notice.  Such credit monitoring will begin as of the date Capital One is informed that the Notice Party accepts Capital One's offer.  The credit monitoring service provided will consist of credit monitoring administered by at least one of the three major creditor bureaus and will provide, if the Notice Party requests, email alerts to the Notice Party of critical changes in the individual's credit reporting information throughout the twelve month time period.

11.     Finally, Capital One apologizes for the administrative burdens caused by the third party error, and wishes to express its gratitude to the Court, its staff, and the debtors and trustees

in this Case for their patience and cooperation in this matter.

WHEREFORE, Capital One respectfully requests that the Court enter an order (i) directing the Clerk of the Court to restrict all public access to the Unredacted Documents and (ii) granting such other relief as may be proper.

Respectfully submitted,

*/s/ David N. Prensky*

David N. Prensky        961953
5225 Wisconsin Avenue, NW  #500
Washington, DC  20015
202-244-4000
202-244-1023 (telefax)
prenskylaw@gmail.com
**Attorney for Capital One N.A.**

- 4 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 13, 2015, the foregoing Ex Parte *Motion of Capital One, N.A. to Redact Consumer Information  Pursuant to 11 U.S.C. § 107 and Bankruptcy Rule 9037* will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users.

The undersigned hereby further certifies that on February 13, a true and correct copy of Ex Parte *Motion of Capital One, N.A. to Redact Consumer Information  Pursuant to 11 U.S.C. § 107 and Bankruptcy Rule 9037* and *proposed Order*  will be served on by first-class U.S. Mail, postage pre-paid upon the following:

Martha A. Tirinnanzi
2718 P Street, NW
Washington, DC  20007
*Debtor(s)*

Richard H. Gins, Esquire
3 Bethesda Metro Centre  #430
Bethesda, MD  20814
*Counsel to the Debtor(s)*

Marc E. Albert
1775 Pennsylvania Avenue, NW  #800
Washington, DC  20006
*Chapter Trustee*

Office of the United States Trustee
115 South Union Street  #210
Alexandria, VA  22314
*United States Trustee*

*/s/ David N. Prensky*
**David N. Prensky**
**Attorney for Capital One, N.A.**